CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 29 2005

JOHN F. CORCORAN, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No: 4:04-cr-70059 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JUAN PABLO ALVARADO-ACOSTA | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

This case is before the court on the defendant's motion to correct an error in his judgment and commitment order, pursuant to Rule 36 of the Federal Rules of Criminal Procedure. On December 13, 2004, the defendant was sentenced to a total term of imprisonment of 147 months. In accordance with United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005), the court imposed an alternative sentence of 120 months. The defendant now contends that the court failed to clearly articulate which of the two sentences would be imposed in the event that the sentencing guidelines were no longer mandatory, and that this "error" must be corrected under Rule 36. However, Rule 36 may only be used to correct a "clerical error" in a judgment or order. See Fed. R. Civ. P. 36; United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004) ("Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court."). The rule may not be used to make substantive changes. United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005). Since the defendant's judgment and commitment order contains no clerical errors, it is hereby

**ORDERED**

that the defendant's motion is **DENIED**.

The Clerk is directed to send certified copies of this order to the defendant and all counsel counsel of record.

ENTER: This 29th day of November, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge